IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PHARMACIST S. RAY JOHNSON, *pro se,* | § | |
| | § | |
| PLAINTIFF, | § | |
| v. | § | CIVIL ACTION CAUSE NUMBER |
| | § | 2:13-CV-040-J |
| GAY DODSON, EXECUTIVE DIRECTOR, | § | |
| and the TEXAS STATE BOARD OF | § | |
| PHARMACY, | § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendants' Rule 12(b) motion, filed March 28, 2013, to dismiss with prejudice all of the claims asserted in this case by *pro se* Plaintiff S. Ray Johnson, and Plaintiff Johnson's response in opposition to dismissal. For the following reasons, Defendants' motion to dismiss is granted, without prejudice.

*Factual Background*

Plaintiff S. Ray Johnson is a pharmacist licensed by the State of Texas. On January 4, 2013, Texas State Board of Pharmacy (TSBP) staff filed a formal administrative complaint based on alleged regulatory violations observed during an inspection of Plaintiff's pharmacy. That complaint was filed against Plaintiff Johnson, and his business facility, with the Texas State Office of Administrative Hearings (SOAH). A hearing on the TSBP complaint was set in Austin, Texas, for February 28, 2013. Notice of the hearing was given to the Plaintiff. On February 25, 2013, Plaintiff Johnson sought a continuance of the hearing due to severe weather conditions which prevented his attendance at the hearing in Austin. On February 27, 2013, the TSBP responded that it did not oppose the request for continuance to a March 15th hearing date. The hearing was continued, and Plaintiff was offered the opportunity to appear at the continued hearing by telephone. On March 4, 2013, Plaintiff Johnson filed this civil action

against the TSBP and its Executive Director, Gay Dodson.  The SOAH proceeding was thereafter abated

by the administrative law judge, pending the outcome of this lawsuit.

Plaintiff challenges the Texas State Board of Pharmacy's authority to regulate the pharmacy

profession generally, as well as Plaintiff Johnson and his pharmacy in particular.  Plaintiff sues to avoid

the entire regulatory scheme governing the pharmacy profession in Texas, claiming that the TSBP's

action for administrative sanctions are unwarranted and unconstitutional.  Plaintiff Johnson alleges that

the TSBP has engaged in an "abuse of process" under federal law, for which he seeks money damages

in the amount of $100,000.00 and a preliminary injunction prohibiting the TSBP from revoking his

pharmacist's license or the business license of his pharmacy, called the Pill Box.  Plaintiff does not

challenge the method of service of process used, or allege that the service of process utilized for the

administrative proceeding was itself illegal or unconstitutional.  Plaintiff does not allege that the now-

stayed administrative proceeding itself has been unconstitutionally converted from a proper into an

improper purpose , or that the proceeding was otherwise illegally or improperly used after proper service

was issued.  He alleges that the entire state regulatory scheme governing Texas pharmacists and

pharmacies is unconstitutional under federal law, as well as being a waste of taxpayer money.  He seeks

to abolish the entire Texas scheme of regulation, and money damages.

### *Discussion and Analysis*

The TSBP is an eleven-member board, appointed by the governor with the advice and consent of

the senate, statutorily responsible for the licensing, inspection and regulation of pharmacy professionals

and employees in the State of Texas. *See, e.g.* Tex. Occ. Code, Ch.552-569; Tex. Occ. Code §§ 552.001,

*et seq.;* 2013 Tex. Sess. Law Serv. Ch. 26 (S.B. 500)(Vernon's 2013)(amendments effective September

1, 2013).  The TSBP's statutorily-defined mission is protecting and enhancing the public health, safety

and welfare by establishing and maintaining safety-related inspection, initial pharmacy and pharmacists

licensing, renewing, suspension and revocation of licenses, and other safety standards to be used in regulating the pharmacy profession in Texas. *See* Tex. Occ. Code § 551.002 (a) & (c), § 554.001 (a), (c) & (d), *and* § 554.002 (1)-(6) (Vernon's). Judicial review of Board regulatory actions may be brought in Texas state court pursuant to the Texas Administrative Procedure Act, Tex. Gov't Code § 2001.771, *et. seq.* The Texas administrative process provides for a "hearing after reasonable notice of not less than 10 days; and" the right "to respond and present evidence and arguments on each issue involved in the case." Tex. Gov't Code § 2001.051 (Vernon's).

No final decision or order has been entered in the administrative proceeding, now stayed, involving Plaintiff Johnson. If the TSBP issues a final disciplinary order in the underlying administrative proceeding, Plaintiff Johnson then has a right to judicial review in a state district court in Travis County, Texas. Tex. Gov't Code § 2007.171, *et seq.* In that event, the Travis County district court is empowered to decide the constitutional issues that Plaintiff Johnson asserts in this lawsuit. *See Scott, Commissioner of Education v. Alphonso Crutch Life Support Center,* 392 S.W.3d 132, 135-37 (Tex. App.– Austin 2009, *writ denied*)(requests for declaratory relief regarding claimed statutory rights and constitutional due process rights against state agencies are not barred by sovereign immunity because "[a] private litigant does not need legislative permission to compel a state official to comply with state law" or to stop the unconstitutional "taking of a vested property right without due course of law"). The State of Texas has expressly waived "Sovereign immunity to suit and liability" for suits involving governmental action affecting real property rights, such as the Pill Box, under the Texas Government Code. *See* Gov't Code § 2007.004 (Vernon's).

Plaintiff has not cited a state or federal case holding that the initiation of a statutorily-permitted state administrative disciplinary proceeding is "punishment" for which a responding party is entitled to a preliminary or permanent injunctive stay in federal court, or is otherwise a proceeding for which he or

she may claim presently-accrued damages. Federal courts are courts of limited jurisdiction, deriving their authority from both constitutional and legislative sources. *See Keene Corp. v. United States,* 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); U.S. Const. art. III, § II; 28 U.S.C. § 1331. The federal judiciary's power to hear cases is constitutionally confined to actual "cases" and "controversies," U.S. Const. art. III, § 2, which impose limits on the federal courts. A plaintiff suing in federal court must allege an "irreducible constitutional minimum" of three elements: (1) an injury in fact – in other words, an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between plaintiff's alleged injury and defendant's alleged behavior; and (3) a likelihood that the alleged injury will be redressed by a decision in plaintiff's favor." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)(quoting *Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990))(citations omitted). Plaintiff Johnson has not done so here.

Plaintiff Johnson's damages claims are contingent upon future events that may, or may not, occur. The underlying state administrative proceeding is stayed but on-going; there is no final order of discipline, suspension or revocation of his license, or any other kind of adverse action sought. Exercising, or refusing to exercise, his right to appear and be heard therein does not alone create a constitutional injury, and Plaintiff Johnson has not otherwise alleged any actual constitutional violation or actual concrete, particularized, imminent injury at this time. His constitutional abuse of due process claims are not now ripe for judicial review in this court because, at this stage, they are only abstract or hypothetical. *See Chevron U.S.A., Inc. v. Traillour Oil Co.,* 987 F.2d 1138, 1153 (5th Cir. 1993)(federal court should dismiss a case for lack of ripeness if the case is abstract or hypothetical); *New Orleans Public Service, Inc. v. Council of New Orleans,* 833 F.2d 583, 586-87 (5th Cir. 1987)("A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical. ... A case is generally ripe if any remaining

4

questions are purely legal ones; conversely, a case is not ripe if further factual development is required."). Plaintiff's claims require further factual development in the state administrative proceeding. Plaintiff alleges harms from actions not yet taken, and which may not be taken. It is not the province of this Court to eliminate all state administrative regulation of pharmacies and pharmacists in Texas because, as the Plaintiff alleges, they are a waste of taxpayer funds when directed against the Plaintiff and his business. Such abuse of process claims do not allege a viable federal constitutional cause of action.

In addition, under the Federal Rules of Civil Procedure a party to a lawsuit cannot serve a summons and a complaint. *See* Fed. R. Civ. Pro. 12 (4)(c)(2). It is not disputed that the summons and the complaint in this federal case were served upon the Defendants by Plaintiff Johnson, personally, through U.S. Postal Service Express Mail. That is not proper service under the federal rules, and this case could be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) because of defective service. Given the lack of ripeness to Plaintiff's claims, however, the Court will not require service upon the Defendants be perfected, but will instead dismiss all of his claims, without prejudice, as not yet ripe.

### *Conclusions*

For all of the above-listed reasons, Defendants' motion to dismiss is granted, without prejudice to Plaintiff Johnson asserting, if the necessary future factual predicate occurs, his federal constitutional claims – if and when they ripen into an actual case and controversy where the irreducible constitutional minimum of elements exists.

It is SO ORDERED.

Signed this the _____27th_____ day of June, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

5